IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DEREK N. JARVIS** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-1808 |
| **WESTFIELD AMERICA, INC., et al.** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Now pending before the Court are Defendant Anne Arundel County's MOTION TO DISMISS (ECF No. 7), Defendant Westfield America, Inc.'s MOTION TO DISMISS (ECF No. 10), the Plaintiff's RESPONSES to these Motions (ECF Nos. 12, 14), the Defendants' REPLIES (ECF Nos. 13, 18), the Plaintiff's MOTION FOR IMPOSITION OF SANCTION FOR SPOLIATION (ECF No. 15), and the Plaintiff's MOTIONS FOR LEAVE TO FILE SURREPLIES (ECF Nos. 16, 20).  The Court has carefully reviewed the full record in this case, including the attachments to the various submissions.  Hearings are not necessary to resolve these Motions.  The Motions to Dismiss (ECF Nos. 7, 10) will both be GRANTED.  The remaining Motions (ECF Nos. 15, 16, 20) will be DENIED.

The claims against Anne Arundel County are frivolous.  For all of the reasons set out in the County's Memorandum (ECF No. 7-1), the Court concludes that the claims are utterly groundless.

After reviewing Westfield America's Motion to Dismiss and the accompanying papers, and after consideration of the Plaintiff's response in opposition and the Defendant's reply, the

Court has made a careful and painstaking review of the allegations leveled against the Defendant in the Complaint. The claims are lengthy and angry, but they lack the sort of coherent factual allegations that would permit the Court to conclude that their allegations are plausible. Thus, they cannot survive. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Igbal*, 556 U.S. 662 (2009). The Plaintiff alleges no facts to support his contention that his dismissal from the Annapolis Mall was due to his race or any other impermissible consideration. Speculation is insufficient.

The Plaintiff's MOTION FOR IMPOSITION OF SANCTION FOR SPOLIATION is not timely as discovery has not commenced in this case and Defendant Westfield America, to date, is under no obligation to produce evidence to the Plaintiff. Further, by virtue of the granting of both Motions to Dismiss *supra*, this Motion is rendered moot. Accordingly, it will be DENIED.

The Plaintiff's MOTIONS FOR LEAVE TO FILE SURREPLIES (ECF Nos. 16, 20) are DENIED as the Court is sufficiently advised of the Plaintiff's positions by reviewing his responses to the Motions, and because the content of the Defendants' replies do not warrant granting the Plaintiff such leave. Accordingly, these Motions will be DENIED.

The Court will issue an accompanying Order implementing the decisions announced herein.

DATED this 30th day of September, 2015.

BY THE COURT:

/s/
James K. Bredar
United States District Judge